JUAN ENRIQUE RIGÁU, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. FRANCISCO NAVARRO ORTIZ, JUEZ, demandada.

Núm. 1196.—*Sometido:* Enero 22, 1940. *Resuelto:* Marzo 6, 1940.

*J. A. Surís Agraít,* abogado del peticionario; *Luisa M. Capó,* abogada de la interventora, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

■ Juan Enrique Rigáu, demandado en un pleito de divorcio, acudió ante este tribunal en solicitud de un auto de *certiorari.* El auto fué expedido, su esposa compareció ante esta corte y solicitó permiso para intervenir.

Podríamos decir ahora que cuando una de las partes en un pleito radica en este tribunal una petición de *certiorari,* la parte contraria tiene perfecto derecho a comparecer ante nos y a defender la actuación de la corte inferior. Ella es la verdadera parte interesada y de acuerdo con las reglas de esta corte y con la práctica no necesita permiso especial para comparecer. Será conocida en este caso como la opositora.

■ El peticionario se quejaba principalmente de que no fué citado o notificado para que contestara la moción de la opositora solicitando costas y alimentos provisionales en el pleito principal; que no tuvo su día en corte ni la oportunidad de oponerse a la reclamación de su esposa. Aunque, suponiendo que él estuviera en lo cierto y que no fué debidamente notificado de la moción sobre costas y pensión alimenticia u honorarios de abogado, él acudió voluntariamente ante la corte inferior y discutió la cuestión allí. La opositora ha radicado una llamada moción de desestimación.

El primer motivo de la moción abarca varias cuestiones, mas convenimos con la opositora en que cuando el peticionario, conforme ocurrió, acudió ante la corte inferior y solicitó que la vista de la moción sobre costas, etc., fuese pospuesta, él se sometió a la jurisdicción de la corte y subsanó cualquier defecto que pudiera haber en la notificación o citación para la vista del caso. *Rodríguez et al.* v. *Cuevas Zequeira, Juez,*

25 D.P.R. 806; *Gómez* v. *Junta Examinadora etc.*, 40 D.P.R. 662, y casos citados.

■ Convenimos igualmente con la opositora en que el peticionario demandado, al dejar de radicar una moción de reconsideración, no agotó sus remedios en la corte inferior. A la corte de distrito debe dársele la oportunidad de corregir cualquier supuesto error.

Dice también la opositora que el peticionario fué debidamente notificado. de la moción sobre *litis expensas*. Esta es una cuestión de hecho que no ha sido dilucidada ante este tribunal y que por ende no es menester considerar, a no ser para decir que al peticionario hubiera incumbido demostrar que no fué debidamente notificado.

■ A nuestro juicio, el peticionario hubiera podido lograr su fin entablando una apelación directa, y en su consecuencia, conforme indica la opositora, no se demostró la necesidad de acudir a un recurso de *certiorari*. El peticionario no compareció a la vista y no expuso razones adicionales de clase alguna por las cuales debía sostenerse el auto · ya expedido. ■ En estos asuntos de costas y honorarios de abogado *pendente lite* debe darse considerable libertad o discreción a la corte sentenciadora.

*Debe anularse el auto expedido.*