Estella Toppel, demandante y recurrida, *v.* Milton Toppel, demandado y peticionario.

*Número:* O-82-482 *Resuelto:* 10 de marzo de 1983

*David Rivé Rivera,* abogado del peticionario; *Víctor M. Pons, Jr.* y *Mario L. Paniagua,* de *Sweeting, Pons, González & Cestero,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

Se plantea en este recurso si la parte que resulta victoriosa en determinada litigación civil tiene derecho a recobrar como costas lo pagado a un perito utilizado por dicha parte, si el testimonio de dicho perito, oportunamente objetado por la otra parte, resulta a la postre innecesario para establecer los hechos pertinentes a la cuestión en controversia. Resolvemos que en tales circunstancias dichos gastos no son recobrables.

Veamos los hechos. Se inició el litigio que aquí nos ocupa mediante demanda de divorcio instada por la Sra. Estella Toppel contra su esposo Sr. Milton Toppel, basada en las causales de abandono y trato cruel. El demandado reconvino por separación por más de dos años, alegación que admitió la demandante, quien a su vez solicitó se dictara sentencia de conformidad. No obstante, quedó pendiente de resolverse una solicitud que hizo la demandante para que, al decretarse el divorcio, se obligara al demandado a pasarle una pensión alimenticia en la cantidad de $1,200 semanales. El demandado se opuso a dicho reclamo.

Luego de recibir abundante prueba de ambas partes el tribunal decretó el divorcio por la causal de separación y dispuso que el demandado pase a la demandante una pensión alimenticia de $1,800 mensuales. La demandante

recurrió ante nos y por sentencia del 30 de noviembre de 1980 —caso R-81-393— modificamos la del Tribunal Superior para aumentar la pensión a $3,400 mensuales.

El caso vuelve a nosotros a instancias del demandado para que revisemos la resolución del 8 de junio de 1982, que aprobó memorando de costas de la demandante en que se reclamaron $26,420.92. Se incluye en dicha suma la cantidad de $12,132.01 por gastos de transportación, hospedaje y honorarios profesionales del perito en contabilidad, Sr. Irwin Ploss, traído desde la ciudad de Nueva York por la demandante para probar la necesidad de ella de la pensión reclamada de $1,200 semanales. Se basó dicho peritaje en lo que costaría a la demandante vivir en el mismo nivel social y con los mismos gastos a que estaba acostumbrada cuando vivía con su esposo en dicha ciudad en el año 1975. Este testimonio fue oportunamente objetado por el demandado. Su recurso ante nos se dirige a impugnar la referida partida.

La demandante ha respondido a requerimiento de mostración de causa por la cual no debamos eliminar dicha partida de $12,132.01. Su comparecencia no nos persuade.

 Precisa señalar que hay una gran diferencia entre el derecho a alimentos entre cónyuges y el derecho a alimentos entre ex cónyuges. En el primer caso, que se rige por los Arts. 142, 143 y 146 del Código Civil, 31 L.P.R.A. secs. 561, 562 y 565, respectivamente, se establece la obligación de un cónyuge de proveer alimentos al otro, señalándose como criterios de lo que constituye alimentos "lo que es indispensable para el sustento, habitación, vestido y asistencia médica, *según la posición social de la familia*". (Énfasis suplido.) Art. 142 (31 L.P.R.A. sec. 561). Esta obligación cesa una vez se decreta el divorcio. Véase *Meléndez* v. *Trib. Superior*, 77 D.P.R. 535, 541–543 (1954).

 Señalamos en *Fenning* v. *Tribunal Superior*, 96 D.P.R. 615, 621 (1968), que "la mujer divorciada no tiene un derecho *per se* a ser alimentada" por su ex esposo. Luego del

divorcio la obligación de alimentar al ex cónyuge está regulada por el Art. 109 del Código Civil, 31 L.P.R.A. sec. 385, que dispone:

Sec. 385. *Alimentos*

Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, *el Tribunal Superior podrá asignarle alimentos discrecionales* de los ingresos, rentas, sueldos o bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la cuarta parte de los ingresos, rentas o sueldos percibidos.

Si el divorcio se ha decretado por la causal de separación, la mujer podrá solicitar los alimentos a que se refiere el párrafo anterior, si no cuenta con medios suficientes para vivir.

La pensión alimenticia será revocada si llegase a hacerse innecesaria, o cuando la mujer divorciada contrajese segundo matrimonio o cuando viva en público concubinato u observare vida licenciosa. (Énfasis suplido.) [1]

La redacción de este artículo no da lugar a dudas de que la imposición a una persona de la obligación de proveer alimentos a su ex cónyuge dependerá de la sana discreción del Tribunal Superior. Esa discreción podrá ejercerse si se dan las circunstancias que señalamos en *Fenning*, supra, pág. 621, a saber, que el o la alimentista (1) haya emergido como cónyuge inocente del pleito de divorcio, (2) demuestre que no cuenta con suficientes medios para vivir, y (3) establece que su ex cónyuge cuenta con bienes suficientes para proveerle una pensión alimenticia.

Dentro de este estado de Derecho la posición social en que se encontraba la demandante recurrida antes del divorcio no es un factor determinante del derecho a pensión. Lo que ella tenía que demostrar, como ex cónyuge inocente, para mover la discreción del tribunal a que ordenara a su ex esposo a pasarle una pensión alimenticia, era la insufi-

---

[1] Resolvimos en *Milán Rodríguez* v. *Muñoz*, 110 D.P.R. 610, 617 (1981), que la protección que este artículo extiende a la mujer divorciada es extensiva al hombre divorciado.

ciencia de sus propios medios económicos para poder vivir y la solvencia económica de él. El testimonio de su perito, señor Ploss, no estuvo encaminado a probar esas circunstancias. Fue dirigido a establecer unos gastos mensuales supuestamente necesarios para ella poder vivir conforme a un nivel de vida de mujer rica en la ciudad de Nueva York. Declaró que ella necesitaba $450 mensuales para *beauty parlor*, $1,000 mensuales para ropa, $650 mensuales para comidas en restaurantes, y otros gastos análogos. Tales gastos, aparte de excesivos, son superfluos a los fines de una pensión post sentencia bajo el citado Art. 109. (²)

■ Hace más de ochenta años señalamos que la obligación del marido de sufragar las *litis expensas* debe entenderse "con referencia a los gastos razonables, reales, justos y no excesivos, pero no a pagar cantidades a gusto de su mujer o a cumplir obligaciones excesivas que ella contraiga". *Caamaño* v. *Cancel*, 2 D.P.R. 509, 515 (1902). Dicha norma sigue teniendo vigencia.

La Regla 44.1(a) de Procedimiento Civil dispone:

(a) *Su concesión.* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son *los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento* que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro. (Énfasis suplido.)

Por otra parte, la Regla 59 de Evidencia dispone lo siguiente en su inciso A:

(A) *Nombramiento.* Antes del comienzo del juicio o durante el transcurso de éste, *cuando el tribunal determine que es*

---

(²) Si bien la posición social de la familia no se menciona en el Art. 109 del Código Civil como factor a considerar, al fijarse en dicho artículo un tope máximo de "la cuarta parte de los ingresos, rentas o sueldos percibidos" por el marido, está implícito que la pensión post sentencia no se limita a las necesidades mínimas de la mujer, y en ello puede jugar algún papel la posición social de ambos.

*necesaria prueba pericial,* podrá de su propia iniciativa, o a solicitud de parte, nombrar uno o más peritos para que investiguen y sometan un informe según lo ordene el tribunal, o para que declaren en calidad pericial en el juicio. El tribunal determinará la compensación por los servicios del perito. (Énfasis suplido.)

El inciso B de dicha Regla 59 dispone que en acciones civiles —como es la que nos ocupa— "la compensación será pagada por las partes envueltas en el litigio en la proporción que el tribunal determine, sujeto a que luego sea impuesta como otras costas o desembolsos conforme a derecho".

El inciso D permite "que cualquier parte presente evidencia pericial adicional sobre el mismo hecho o asunto sobre el que declara o informa el perito nombrado por el tribunal", pero añade a renglón seguido: "Si la parte presenta su propio perito, *pagará sus honorarios sin que dicho pago sea recobrable como costas, a menos que el tribunal discrecionalmente disponga lo contrario.*" (Énfasis suplido.)

Estos preceptos, y nuestras decisiones en *Urrutia* v. *A.A.A.,* 103 D.P.R. 643 (1975), y *Meléndez* v. *Levitt & Sons of P.R.,* 104 D.P.R. 797 (1976), están acordes con el principio de economía procesal en que están enmarcadas las Reglas de Procedimiento Civil y las Reglas de Evidencia.

Nada impide que en ausencia del ejercicio por el tribunal de su facultad de nombrar un perito, las partes presenten sus propios peritos. En este caso corresponderá a la parte que así lo haga, demostrar que el testimonio pericial presentado era necesario para que prevaleciera su teoría y que el perito presentado suplió o contribuyó substancialmente a suplir la necesidad de un perito del tribunal. Sólo así se justificará que los gastos incurridos por dicha parte, en relación con el testimonio pericial, sean recobrables como costas. Este sería el caso, por ejemplo, del peritaje en relación con acciones por daños como resultado de alegada negligencia profesional de médicos e instituciones hospitalarias. *Oliveros* v. *Abréu,* 101 D.P.R. 209, 229 (1973).

Para resumir, el derecho de recobrar como costas los gastos incurridos en la presentación de peritos, dependerá de si se trata de un perito del tribunal o un perito de la parte. Como regla general, la compensación del perito del tribunal, aunque en su origen pueda ser compartida por los litigantes, es recobrable como costas por la parte victoriosa. Regla 59(B) de Evidencia. No sucede lo mismo con la compensación del perito de la parte, pues en este caso la regla general es a la inversa: dicho pago no es recobrable como costas. Sólo por vía de excepción, y cuando las expensas que origine el perito estén plenamente justificadas, es que el tribunal, en el ejercicio de su discreción, puede ordenar lo contrario. En este caso el tribunal ejerció su discreción a favor de que la demandante pudiera recobrar lo que le pagó a su perito. Al así hacerlo incidió.[3]

Como señaláramos en *Meléndez* v. *Levitt & Sons of P.R.*, supra, pág. 811, "bajo el estado actual de nuestro derecho . . . la compensación de un perito, como costas no es automática *per se* sino que los tribunales deben ponderar juiciosamente su procedencia en virtud de las particularidades en que se presta [el testimonio], evaluando su naturaleza y utilidad . . .". Señalamos, además, que "[p]uede haber situaciones en que el testimonio de un perito producido por una parte sea irrelevante, inmaterial o innecesario, o carezca de la característica de pericia, como consecuencia de las cuales sea procedente denegar compensación en tal carácter".

*Se expedirá el auto, se eliminará del memorando de costas sometido por la demandante recurrida la cantidad de $12,132.01 correspondiente a gastos en relación con el testimonio del perito Sr. Irwin Ploss y, así modificada, se confirmará la resolución recurrida.*

---

[3] "Si bien hemos resuelto que '. . . debe darse considerable libertad o discreción a la corte sentenciadora' al fijarse la cuantía de la pensión alimenticia y *litis expensas*, *Rigau* v. *Corte*, 56 D.P.R. 209, esto no significa que las cortes puedan ir más allá de la prueba presentada y tampoco que puedan aceptar como justificados gastos que claramente no tienen tal concepto en un caso de esta naturaleza." *García* v. *Tribunal de Distrito*, 69 D.P.R. 517, 523 (1949).