Broco Oliveras, Juez Ponente
*1354 TEXTO COMPLETO DE LA RESOLUCION
Mediante el presente recurso se impugna la orden del Tribunal de Primera Instancia, Sala Superior de San Juan, dictada el 24 de octubre de 1995, notificada con fecha de 22 de octubre de 1995, por la cual se aprobó la suma de $1,140.00 de un memorándum de costas. Por entender que no se cometió el error imputado, entendemos que no procede la expedición del recurso.
I
El 24 de septiembre de 1990 ocurrió un accidente de automóvil en el cual estuvieron envueltos los vehículos conducidos por el Sr. Saúl Enrique Quiñones Colón, Peticionario, y el Sr. Angel Díaz Rivera. Como el accidente también constituyó un accidente del trabajo, el peticionario fue atendido primero en el Hospital Industrial y luego fue referido a tratamiento en la oficina privada del Dr. Felipe Fontanez, quien lo ingresó en el Hospital San Francisco donde se le operó para reducir una fractura del tobillo izquierdo. Después de la operación, fue referido por el Fondo del Seguro del Estado a tratamiento de fisioterapia con el Dr. Ramón E. Ortiz.
El Dr. Fontanez, ortopeda, evaluó al peticionario y expidió una certificación médica por la que facturó la suma de $400.00. Igualmente, el Dr. Ortiz, fisiatra, hizo un examen al peticionario y facturó $350.00 por un certificado médico. Los doctores Fontanez y Ortiz también facturaron las sumas de $45.00 y $60.00, respectivamente, por citas médicas. Los referidos médicos testificaron durante el juicio y cada uno de ellos facturó $2,000.00 (para un total de $4,000.00) por esa función. 
Alega el peticionario que los testimonios de ambos médicos fueron ofrecidos en el juicio para establecer la naturaleza del tratamiento y el grado de incapacidad de las funciones fisiológicas generales que sufrió el peticionario como resultado del accidente. El peticionario señala que la prueba pericial-médica fue esencial para determinar daños.
Dictada sentencia favorable al peticionario, éste presentó a tiempo un memorándum de costas el 28 de diciembre de 1994. Incluyó gastos y costas por un total de $5,266.00. La recurrida se opuso por moción de 10 de febrero de 1995, impugnando las facturas por servicios de peritaje de los referidos médicos por ser alegadamente excesivas y por no haberse demostrado que fueron pagadas. Aduce además la recurrida que los médicos que testificaron en corte son los que proveyeron el tratamiento al peticionario bajo contrato con el Fondo del Seguro del Estado. La recurrida también impugnó la concesión como costas recobrables de una partida de $125.00 relacionada con una vista que fue suspendida a iniciativa del tribunal.
El tribunal de instancia aprobó costas por un total de $1,140.00 sin hacer expresión de qué partidas fueron aprobadas y cuáles fueron rechazadas. De un análisis del memorándum de costas, de la moción en oposición y de la orden por la cual se aprobó el memorándum, podemos colegir que el tribunal de instancia denegó ambas sumas representativas del peritaje ($4,000.00), los gastos de la vista suspendida por el tribunal de instancia ($125.00) y el sello forense ($1.00).
Con el fin de impugnar ese dictamen del tribunal de instancia, el peticionario instó el presente recurso. Señala como error que el tribunal de instancia limitó las costas a $1,140.00 a pesar de que se solicitó aprobación de la suma de $5,266.00.
II
Según la Regla 44.1(a) de Procedimiento Civil, las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito. 32 L.P.R.A. Ap. III. Las costas que pueden recobrarse son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que el tribunal en su discreción estima que un litigante debe reembolsar a otro. Id.
Los tribunales tienen amplia discreción para fijar las costas que un litigante perdidoso debe reembolsar al litigante vencedor. Garriga, Jr. v. Tribunal Superior, 88 D.P.R. 245 (1963). Los tribunales ejercerán con moderación la discreción que le ha sido concedida para juzgar qué *1355 desembolsos son gastos necesarios incurridos en el trámite del caso. Id. Los gastos que pueden concederse tienen que ser necesarios, realmente incurridos y razonables; no se pueden conceder gastos innecesarios, superítaos o extravagantes. Id.
Cuando la parte victoriosa ha presentado prueba pericial, procede el reembolso de los honorarios del perito, sólo por vía de excepción, dependiendo de su naturaleza y utilidad. Toppel v. Toppel, 114 D.P.R. 16 (1983).
En Rodríguez Cancel v. A.E.E., 116 D.P.R. 443 (1985), el Tribunal Supremo expresó lo siguiente:

"Relativo al caso de honorarios de peritos, su compensación, como gastos, no es automática; el tribunal al pasar juicio sobre si procede o no el pago de dichos honorarios, tendrá que evaluar su naturaleza y utilidad a la luz de los hechos particulares del caso ante su consideración, teniendo la parte que los reclama el deber de demostrar que el testimonio pericial presentado era necesario para que prevaleciera su teoría."

ra
Entendemos que no procede la concesión de los honorarios periciales solicitados.
De acuerdo con la Regla 44.1(b), supra, el tribunal puede eliminar cualquier partida que considere improcedente, luego de dar al solicitarle la oportunidad de justificar la misma. En el presente caso el tribunal de instancia señaló una vista para permitirle al peticionario justificar las partidas impugnadas. El peticionario no ha puesto a este tribunal en condiciones de determinar qué hizo ante el tribunal de instancia para justificar las partidas impugnadas.
El peticionario, al justificar la necesidad de la prueba pericial impugnada, alega ante nos que en ausencia de la misma su "prueba hubiese sido menos contundente". El peticionario no señala que en ausencia de esa prueba pericial no hubiese podido prevalecer, sino que su planteamiento consiste en afirmar que con la prueba pericial su prueba era capaz de causar mayor impacto en el juzgador. Esto de por sí no establece la necesidad requerida por la Regla 44.1, supra, para la concesión de esas partidas.
A pesar de que la recurrida impugnó las partidas de los honorarios de los peritos, por la razón adicional de su irrazonabilidad, el peticionario no aporta elementos de juicio para demostrar que las cuantías reclamadas son razonables. De la misma manera, aunque la recurrida señala que no se demostró que los honorarios periciales fueron realmente pagados, el peticionario no establece que se trata de partidas que de hecho fueron incurridas .por éste. Debemos también reiterar que los peritos que testificaron en el juicio son ambos médicos que proveyeron tratamiento al peticionario bajo contrato con el Fondo del Seguro del Estado. 
El peticionario no discutió en el recurso lo relativo a la partida de gastos por la vista suspendida por iniciativa del tribunal de instancia. Este Tribunal, por lo tanto, no entrará a hacer determinación alguna sobre esa partida.
No surge que en su actuación el tribunal de instancia haya abusado de su discreción al denegar las partidas de costas antes señaladas.
IV
Se deniega la expedición del auto de certiorari.
Lo acordó el Tribunal y certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 10
1. Aunque se acompañaron al recurso copia de las facturas por sus testimonios en corte, no se ha presentado prueba del pago de las mismas. De las facturas presentadas por los médicos, las únicas que están en controversia *1356 son las relativas al testimonio en corte.
2. Véase San Lorenzo Trading, Inc. v. Hernández, 114 D.P.R. 704, 719 (1983), opinión en la cual el Tribunal Supremo determinó que un perito de ocurrencia quien tiene conocimiento personal extrajudicial de los hechos por observaciones directas o participación en los eventos no es acreedor a honorarios periciales al someterle a una deposición, si su testimonio no conlleva ulteriores estudios o trabajos adicionales.