Negroni Cintrón, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
César Cintrón Valle acudió mediante recurso de certiorari ante este Foro para que revisemos la decisión del Tribunal de Primera Instancia, Sala Superior de Carolina, emitida el 24 de febrero de 1998 y consignada en una minuta mediante la cual se negó a reconsiderar un dictamen que había emitido el 28 de enero del mismo año. Este, a su vez consistía de una resolución en la que encontró incurso en desacato al peticionario y ordenó su arresto y encarcelamiento al concluir que éste había incumplido la obligación alimentaria al amparo del Artículo 109 del Código Civil, 31 L.P.R.A. Sec. 385, que se le había impuesto el 1 de septiembre de 1995 para beneficio de su ex-esposa y recurrida, Cándida Cintrón Figueroa, en la sentencia de divorcio en rebeldía emitida en esa fecha.
El peticionario solicitó además que en auxilio de nuestra jurisdicción paralizáramos la celebración de una vista de seguimiento que el tribunal de instancia había pautado para celebrarse el 16 de marzo de 1998.
Al examinar la petición y los documentos incluidos en el apéndice del recurso, inferimos que en la vista celebrada el 28 de enero de 1998 el tribunal de instancia había encontrado sumariamente incurso por desacato civil al peticionario y ordenó su arresto y encarcelamiento, sin concederle vista para que el peticionario tuviese la oportunidad de ser oído. Ello así, emitimos una orden paralizando los procedimientos ante el foro de instancia y le concedimos término a la recurrida para que mostrara causa, si alguna tenía, por la cual no debíamos expedir el auto solicitado, revocar la resolución del 28 de enero de 1998 que a fin de cuentas era el objeto del recurso y ordenar que se celebrara una vista adversativa en la que el foro recurrido le brinde al peticionario la oportunidad de ser oído y de presentar la prueba que posea a los fines de determinar si adeuda alguna suma y, de ser ello cierto, si ameritaba que se le encontrara incurso en desacato. A los fines de evaluar la controversia le ordenamos, además, al tribunal de instancia que nos remitiera en calidad de préstamo el expediente del pleito.
Ambos requerimientos fueron cumplidos, por lo que estamos en condiciones de dictaminar. Procede que expongamos el trasfondo fáctico y procesal pertinente.
I
El expediente original que hemos examinado revela que el divorcio por trato cruel y la pensión alimentaria de $5,000.00 solicitada por la recurrida fue concedida en rebeldía mediante sentencia emitida originalmente el 4 de agosto de 1995 y notificada el 11 de agosto del mismo año por la Sala *1083 de San Juan del tribunal de instancia. Posteriormente fue enmendada nunc pro tunc el 11 de septiembre de 1998 y notificada el 28 de septiembre del mismo año.
La vista del divorcio se celebró en ausencia del peticionario, aunque éste había contestado la demanda representado'por abogado. Sin embargo, el abogado del peticionario de entonces renunció antes de la vista por lo que la notificación con la fecha de la vista se le envió a la dirección que aparecía en el emplazamiento y en la moción de renuncia que presentó su abogado.
Como indicamos antes, en la sentencia emitida el tribunal a quo le impuso al peticionario la obligación de satisfacer una pensión alimentaria post divorcio a la recurrida de $5,000.00 mensuales al tenor de lo dispuesto en el Artículo 109 de Código Civil, supra. Lo anterior motivó que al ser notificado de la primera sentencia, el 1 de septiembre de 1995, el peticionario presentara una solicitud de reconsideración o relevo de aquella parte de la sentencia dictada que le imponía la obligación de satisfacerle a su ex-esposa la pensión alimentaria. En la misma adujo que no tuvo oportunidad de defenderse y de presentar prueba de sus ingresos, ya que no tenía abogado y que su condición económica no le permitía pagar la pensión impuesta, por lo que solicitó que se le rebajara. Dicha moción fue denegada por la Sala de San Juan del tribunal de instancia.
Posteriormente, el 3 de octubre y el 22 de noviembre de 1995, el peticionario solicitó la reconsideración a la negativa de esa sala a relevarlo de la sentencia y presentó una moción de rebaja de pensión, respectivamente. Como la recurrida había presentado una moción de desacato para esa misma época, el 27 de noviembre de 1995 la Sala de San Juan celebró una vista de desacato, a la que comparecieron las partes asistidas de sus respectivos abogados. Después de celebrada la misma, el 13 de diciembre de 1995 esa Sala emitió otra resolución resolviendo que la sentencia de divorcio era. final y firme y que la reconsideración en cuanto a la pensión sería atendida en una vista posterior. Atín así, le ordenó al peticionario que siguiera pagándole a la recurrida $3,200.00 mensuales, la hipoteca, el mantenimiento de la propiedad y la mensualidad del préstamo otorgado para adquirir el vehículo de la recurrida. Señaló vista para el 8 de febrero de 1996 para la modificación de la pensión alimentaria.
Así las cosas, se celebraron vistas el 8 de febrero y el 18 de abril de 1996. En ambas, la Sala de San Juan le ordenó a las partes que se reunieran para que trataran de lograr una transacción. Mediante orden del 5 de julio de 1996, la misma sala ordenó a las partes a cumplir con las órdenes del 18 de abril y señaló vista para el 19 de septiembre del mismo año.
El 19 de septiembre se volvieron a paralizar los procedimientos para que las partes trataran de llegar a un acuerdo, pero la recurrida presentó una demanda eri cobro de dinero el 21 de noviembre de 1906 ante el Tribunal de Primera Instancia, Sala de San Juan, Caso Núm. 96-13216. El peticionario se opuso y solicitó la desestimación de esa demanda alegando que estaba ante la consideración de otra sala la solicitud de rebaja de pensión.
Mientras tanto, el peticionario presentó una demanda de división de comunidad de bienes ante la Sala de San Juan, (Número KAC-96-0413). Ello no obstante, a solicitud de la recurrida ese pleito fue trasladado a la Sala Superior de Carolina, mediante orden del 26 de junio de 1996, toda vez que la propiedad ganancial a ser dividida estaba localizada en el Sector de Isla Verde de esa región judicial. A este pleito se le asignó entonces el número FAC-96-336. Posteriormente, el 29 de enero de 1997 la recurrida solicitó y obtuvo el traslado del pleito de divorcio que nos ocupa a la Sala de Carolina por estimar que éste tenía relación directa con el pleito sobre la división de comunidad previamente presentado en esa Sala. Se le asignó el número FDI-97-0281.
Así las cosas, el expediente revela que una vez se refirió el expediente de la causa de divorcio a la Sala de Carolina la recurrida presentó una nueva moción de desacato por lo que este foro pautó y celebró una vista el 28 de enero de 1998. A ésta compareció la recurrida y su representante legal, pero no así el peticionario, a pesar de que antes había asistido a todas las vistas señaladas. En ésta, y como antes indicamos, la sala de referencia encontró incurso en desacato al peticionario y ordenó su arresto y encarcelamiento por incumplir el pago de $85,876.35 en pensión alimentaria. Señaló, además, la celebración de una vista de seguimiento para el 24 de febrero de 1998.
Debido a ello, el peticionario fue arrestado el 10 de febrero de 1998 y para evitar su encarcelación *1084 consignó la suma $20,000.00.
A la vista pautada para el 24 de febrero, el peticionario y la recurrida comparecieron asistidos por sus respectivos abogados. Aunque la minuta que obra en el expediente original no refleja que se discutiera la ausencia del peticionario a la vista anterior, si demuestra que el peticionario trajo a la atención de la Sala de Carolina el hecho de que nunca se había adjudicado su moción de rebaja, a pesar de que ésta había sido acogida y pospuesta para dilucidación posterior. Reitero que no se podía determinar si había incumplimiento hasta que se resolviera la procedencia de la rebaja antes solicitada y peticionó la reconsideración de la deuda por pensiones atrasadas que se había determinado.
Después de escuchar a las partes el tribunal se negó a reconsiderar y Señaló la continuación de "La vista de desacato" para el 16 de marzo de 1998. Resolvió, según la minuta, que existía una pensión alimentaria fijada de $5,000.00 mensuales que no había sido satisfecha.
Inconforme con esta decisión, y como antes indicamos, el peticionario instó el recurso que nos ocupa.
II
En su recurso nos señala que al así dictaminar el foro recurrido cometió los siguientes errores:

"1. Al determinar y adjudicar que la pensión de $5,000.00 que había dictado en Rebeldía el 4 de agosto de 1995 el Honorable Tribunal de San Juan estaba vigente y establecía derecho para que la parte demandante pudiera hacer el reclamo que le debían $82,376.35 a enero de 1998.

2. Al no ordenar a la representación legal de la parte demandante que archive con perjuicio mediante moción al efecto el caso de cobro de dinero que radicó en el Tribunal de San Juan (96-13216 (506)) lo cual es una clara violación al derecho vigente y a las normas de ética."

-A-
A1 discutir el primer error, el peticionario sostiene esencialmente que cuando el pleito fue trasladado de la Sala de San Juan a la de Carolina, todavía estaba pendiente la moción para que se rebajara la pensión alimentaria de $5,000.00 mensuales que a favor de su ex-esposa se le había impuesto en la sentencia de divorcio en rebeldía que el 11 de agosto de 1995 se había dictado. Plantea que su moción había sido acogida, pero su resolución pospuesta, por lo que la Sala de Carolina no podía adjudicar la moción de desacato presentada por la recurrida sin que se adjudicara su moción solicitando la rebaja de la pensión alimentaria a favor de su ex-cónyuge. Señala que, por consiguiente, el foro de instancia se equivocó en esas circunstancias al negarse a reconsiderar su dictamen del 28 de enero del mismo año y al haber autorizado a la recurrida que retirara los $20,000.00 que el peticionario consignó para evitar ser encarcelado. Tiene razón en lo esencial.
Resulta evidente de los documentos en el expediente de la causa que, si bien es cierto que en la sentencia de divorcio emitida en rebeldía la Sala de San Juan fijó inicialmente una pensión alimentaria de $5,000.00 mensuales para beneficio de la ex-esposa del peticionario y recurrida, esa pensión no puede considerarse como determinante para adjudicar si existe una deuda y, determinada ésta, si el peticionario desacató la orden o no.
En primer término, aunque la Sala de San Juan denegó la moción de reconsideración o relevo que el 1 de septiembre de 1995 el peticionario presentó para que se reexaminara aquella parte de la sentencia de divorcio que le imponía la obligación de satisfacerle a su ex-esposa la pensión alimentaria de $5,000.00 mensuales, al atender la moción de reconsideración a la denegatoria del relevo de la sentencia y la moción de rebaja de pensión que el peticionario presentó el 3 de octubre y el 22 de noviembre de 1995, respectivamente, la Sala de San Juan emitió una resolución el 13 de diciembre de 1995 en la que después de resolver que la sentencia de divorcio era final y firme pospuso la reconsideración en cuanto a la pensión, indicando expresamente que ésta sería atendida en una vista posterior.
Como bien señala la Sala de Carolina, los distintos magistrados que han atendido esta causa intentaron que las propias partes resolvieran mediante el diálogo y acuerdos sus diferencias, pero tales *1085 oportunidades no fueron exitosas. Aún así, nunca han adjudicado las mociones de rebaja de pensión y de reconsideración que el peticionario presentó hace tres años, a pesar de que la Sala de San Juan del Tribunal de Primera Instancia la acogió y pospuso su dictamen, cuando la causa estaba pendiente ante ese foro.
Inexplicablemente la Sala de Carolina tampoco resolvió la solicitud de rebaja de pensión en la vista celebrada el 28 de enero de 1998 o en la celebrada el 24 de febrero de 1998, aunque le brindó al peticionario la oportunidad de defenderse de su determinación del 28 de enero de 1998.
En segundo término, el 13 de diciembre de 1995 y en la misma resolución antes indicada, la misma Sala de San Juan ordenó que el peticionario le pagara a la recurrida $3,200.00 mensuales, la hipoteca, el mantenimiento de la propiedad y la mensualidad del préstamo otorgado para adquirir el vehículo de la recurrida. Aunque la Sala de Carolina indica en su minuta del 24 de febrero de 1998 que esa resolución no modificó la pensión original, no existe en el expediente prueba alguna que respalde esa aseveración. Por el contrario, el lenguaje utilizado demuestra que esa resolución sí modificó la pensión original impuesta en la sentencia de divorcio. En esas circunstancias, es incorrecto computar el monto de la deuda del peticionario con la recurrida a base de $5,000.00 mensuales y descartar el pronunciamiento modificativo posterior de ésta emitido el 13 de diciembre de 1995 y sus efectos.
Considerado lo antes expuesto, resulta evidente que para llegar a una decisión correcta y justa en cuanto al monto de la deuda que pudiera tener el peticionario, el foro recurrido tenía y tiene que adjudicar de una vez por todas los méritos de la solicitud de reconsideración y rebaja de pensión presentada por el peticionario. De estimar meritoria la rebaja interesada, puede seguir la norma adoptada para las solicitudes de rebaja de pensiones alimentarias de menores, haciendo efectiva la rebaja desde la fecha en que se emita el dictamen o desde la fecha de la presentación de la solicitud de la rebaja de pensión alimentaria (3 de octubre o 22 de noviembre de 1995), si así lo justifica la prueba. Cf. Otero Fernández v. Alguacil, 116 D.P.R. 733 (1985). Solamente así podía y puede determinar si el peticionario le adeuda alguna suma a la recurrida y si éste ha desacatado al tribunal recurrido. Al no actuar de esa forma, erró.
-B-
En cuanto al segundo error, el peticionario se limita a señalar brevemente que la Sala de Carolina debió ordenar que se desestimara la demanda en cobro de dinero separada que la recurrida había instado en la Sala de San Juan bajo el número 96-13216 (506). El error no se cometió.
Aunque resulta evidente que la existencia de dos acciones judiciales simultáneas con igual fin —cobrar pensiones alimentarias adeudadas— constituye una duplicidad innecesaria y un proceder que no está acorde con la eficiencia y economía procesal que rige nuestros procedimientos judiciales, la Sala de Carolina no puede disponer de una causa que no está pendiente ante ella y sí ante la Sala de San Juan. Le corresponde al peticionario formular dicho reclamo ante la sala correspondiente.
Claro está, la acción en cobro de dinero se verá afectada ahora por el curso decisorio que ordenamos.
m
Finalmente, debemos llamar la atención a las partes y al tribunal de instancia que aunque hemos concluido que el primer error se cometió y que el foro recurrido debe adjudicar de una vez por todas la moción de rebaja de la pensión alimentaria que al amparo del Artículo 109 del Código Civil, supra, se le concedió a la recurrida, una vez se devuelva la causa, el tribunal de instancia debe considerar la rebaja de pensión alimentaria y su posible modificación a la luz de la normativa adoptada en Soto López v. Colón Meléndez, Op. del 22 de mayo de 1997, 97 JTS 74.
El concepto de "alimentos" no es afín al régimen de la comunidad de bienes y los alimentos entre ex-cónyuges deben prestarse como mutuo socorro, cuando el que lo pide no cuente con medios suficientes para vivir. Debido a ello, la obtención de tales alimentos está supeditada a la existencia de una situación de necesidad económica, Toppel v. Toppel, 114 D.P.R. 16 (1983). Ello no obstante, los ex-cónyuges como comuneros, participan en el disfrute de los bienes de la comunidad, ya que es un derecho propio y para hacerlo valer no hay que demostrar necesidad alguna. Artículos 327, 328 y 333 *1086 del Código Civil, 31 L.P.R.A. Secs. 1272, 1273 y 1278, respectivamente; Soto López v. Colón Meléndez, supra.
En la causa bajo estudio, los cónyuges se divorciaron y los escritos ante nos informan la existencia de un pleito sobre liquidación de la comunidad de bienes entre las partes cuyo estado desconocemos. Ello así, el tribunal de instancia debe considerar la solicitud de rebaja de pensión a la luz de esta realidad adicional, lo que a la luz de Soto López v. Colón Meléndez, supra, implica que ahora no basta que el tribunal aplique los criterios tradicionales para determinar la procedencia de la pensión alimentaria. De acuerdo con este caso normativo, debe considerar, además, que la recurrida podría tener el derecho como comunera a que su ex-cónyuge le pague una suma líquida específica periódica con cargo a los frutos o a su participación en la comunidad que le permita alimentarse, lo que no constituye propiamente alimento y que de exceder la suma que en su día le corresponda al ex-cónyuge tiene que descontarse al efectuarse la partición. Soto López v. Colón Meléndez, supra.
IV
Por los fundamentos expuestos, se expide el auto solicitado y se dicta sentencia revocando la resolución emitida el 28 de enero de 1998 y disponiendo la devolución del expediente original al tribunal de instancia para que, de conformidad con lo aquí resuelto, se celebre una vista evidenciaría en la que considerará y adjudicará (1) la solicitud pendiente de rebaja de pensión alimentaria formulada por el peticionario, así como (2) si el peticionario le adeuda alguna suma a la recurrida, considerando la pensión alimentaria original, según modificada posteriormente, y (3) si la recurrida requiere alguna suma de dinero como adelanto de los frutos o de su participación propiamente, al tenor de lo resuelto en Soto López v. Colón Meléndez, supra.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General