ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| HÉCTOR RIVERA PACHECO<br><br>Peticionario<br><br>v.<br><br>HOSPITAL MENONITA CAGUAS Y OTROS<br><br>Recurridos | KLCE202401132 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número: CG2018CV01480<br><br>Sobre: Daños y Perjuicios por Impericia Médico Hospitalaria |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de noviembre de 2024.

Héctor Rivera Pacheco (Peticionario o Rivera Pacheco) nos solicita que revisemos una *Orden* que emitió el 1ro de agosto de 2024 el Tribunal de Primera Instancia, Sala de Caguas. Mediante esta, el foro primario ordenó el pago de $10,816.20 por concepto de costas, según lo solicitó el Recurrido, Dr. Fernando Rojas Díaz.

Por los fundamentos que exponemos, *Denegamos* la expedición del auto de *Certiorari*.

## I.

El 8 de febrero de 2018 el Peticionario Héctor Rivera Pacheco presentó una demanda por daños y perjuicios por impericia médica contra el Dr. Fernando Rojas Díaz y el Hospital Menonita de Caguas. Posteriormente desistió su reclamación contra el Hospital. En síntesis, alegó que el 7 de agosto de 2017 el Dr. Rojas Díaz le realizó una operación de reemplazo total de rodilla. Indicó que al ser dado de alta se encontró con una quemadura de tercer grado y varias laceraciones alrededor de la

Número Identificador
RES2024 _____

incisión. Mencionó que lo llevaron al Centro de Rehabilitación Multi Medical con quemaduras en el área alrededor de la herida y edema moderada. Sostuvo que en el récord médico de Multi Medical se detalló que el paciente se observaba con múltiples lesiones a consecuencia de una sospecha reacción alérgica a un líquido que utilizaron en el hospital. Así, alegó que el Dr. Rojas Díaz fue negligente al ocasionarle quemaduras, que se le infectara la piel y desarrollara edema, al darle de alta con quemaduras y laceraciones en el área operada.

Luego de varios trámites se celebró el juicio en su fondo. La representante legal del señor Rivera Pacheco presentó su prueba testifical y pericial. Sometido el caso, el Recurrido solicitó en corte abierta la desestimación del pleito a tenor con la Regla 39.2 (c) de Procedimiento Civil, 32 LPRA Ap. V[1].

El 24 de junio de 2024, notificada el día siguiente, el foro primario dictó sentencia y desestimó el pleito con perjuicio.[2] Así las cosas, el 2 de julio de 2024, el Recurrido presentó el *Memorando de Costas* para recobrar los siguientes gastos:

| | |
|---|---|
| Gastos de radicación | $ 270.00 |
| Gastos de Transcripción de deposición | 250.20 |
| Gastos de prueba pericial | 10,296.00 |
| Total | $10,816.20 |

Junto al memorando de costas incluyó la factura de Crespo & Rodríguez relacionada a la deposición por la suma de $250.40

---

[1] (c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos. Regla 39.2 (c), 32 LPRA Ap. V.
[2] Apéndice págs. 9-20.

y dos facturas del Dr. José Suárez Castro, una por $8,216.00 y otra por $2,080.00. En particular, el Dr. Suárez Castro facturó $1,600.00 por día, durante los días de juicio 6, 7 y 8 de marzo de 2023, para un total de $4,800.00 por este concepto.

El 22 de julio de 2024, el Peticionario interpuso una *Oposición a Memorando de Costas*. En general, expresó que no procedía el pago de $1,600.00 por día de juicio, pues el Dr. Suárez Castro nunca testificó y tampoco estuvo presente por ocho (8) horas consecutivas. Además, sostuvo que la compensación de los peritos de las partes, no son recobrables de forma automática.

El 24 de julio de 2024, el Recurrido presentó Réplica a *Oposición a Memorando de Costas*. Argumentó que el Tribunal carecía de jurisdicción porque la oposición se presentó fuera del término de los diez (10) días jurisdiccionales que concede la Regla 41.1 (b) y 68.2 de Procedimiento Civil, 32 LPRA Ap. V. En cuanto a las costas por trabajo pericial, explicó que estas concedían pues las alegaciones contra el Dr. Rojas Díaz eran de naturaleza estrictamente de pericia médica, por lo que, para defenderse era necesaria la contratación de un perito.

El 29 de julio de 2024, el Peticionario presentó una *Dúplica*. Trabada la controversia, el 1 de agosto de 2024, el foro primario emitió una *Orden* para conceder el pago de $10,816.20 por concepto de costas de litigio. Ese mismo día, emitió otra Orden para denegar la Oposición y la Dúplica del Peticionario.

El 6 de agosto de 2024, Rivera Pacheco solicitó reconsideración y el Foro de Instancia declinó a reconsiderar. Insatisfecho aun, presentó el recurso de *Certiorari* ante este foro de revisión intermedio. Alegó que incidió el Tribunal de Primera Instancia al:

Determinar que procede imponer al peticionario el pago de los honorarios de perito demandado como costas cuando este no testificó y al determinar que otras partidas procedían como costas.

Con el beneficio de los escritos de ambas partes, disponemos.

## II.

### A. Certiorari

El recurso de *certiorari* constituye un vehículo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). El adecuado ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". García v. Asociación, 165 DPR 311, 321 (2005).

Al tratarse de una reclamación post sentencia, relacionada a las costas, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. 800 Ponce de León v. AIG, supra; Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, supra, pág. 338. De manera que, los foros apelativos solo intervendremos con el ejercicio de la discreción del foro revisado en aquellas instancias que se demuestre que este último (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera et al. v. Arcos Dorados et al., supra.

**B. Costas**

Las costas son "los gastos, necesariamente incurridos en la tramitación de un pleito o procedimiento, que un litigante debe reembolsar a otro por mandato de ley o por determinación discrecional del juez". ELA v. El Ojo de Agua Development, 205 DPR 502, 527 (2020); citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan,

Ed. LexisNexis, 2017, Sec. 4201, pág. 426; Garriga, Jr. v. Tribunal Superior, 88 DPR 245, 253 (1963).

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, regula las costas y los honorarios de abogados, como sigue:

(a) Su concesión. Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) Cómo se concederán. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante una certificación del abogado o de la abogada, y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. **Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas**. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari*. […] (Énfasis nuestro).

La disposición sobre las costas tiene una función reparadora, pues procura resarcir a la parte que resulte victoriosa en el pleito mediante el reembolso de los gastos necesarios y razonables en los que tuvo que incurrir para que su teoría prevaleciera. ELA v. El Ojo de Agua Development, *supra*; Rosario Domínguez et als. v. ELA et al., 198 DPR 197, 211 (2017) Maderas Tratadas v. Sun

Alliance et al, 185 DPR 880, 924 (2012).  En consecuencia, una vez reclama su pago, la imposición de las costas razonables y necesarias a la parte perdidosa es mandatoria. ELA v. El Ojo de Agua Development, *supra*; Rosario Domínguez et als. v. ELA et al., *supra*, pág. 212; Maderas Tratadas v. Sun Alliance et al., *supra*, pág. 934. Véase, además, J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 1era Ed. Rev., Colombia, [s. Ed.], 2012, pág. 275.

Ahora bien, el pago de costas no es automático.  Es necesario que la parte prevaleciente cumpla con el procedimiento dispuesto en la Regla 44.1(b) de Procedimiento Civil, *supra*. ELA v. El Ojo de Agua Development, *supra*, pág. 528; Rosario Domínguez et als. v. ELA et al., *supra*, pág. 212.

A esos efectos, la Regla 44.1(b) de Procedimiento Civil, *supra*, provee a la parte prevaleciente un término de diez (10) días, contados a partir de la notificación de la sentencia, para que presente y notifique a las demás partes un memorando de costas —juramentado o certificado por su representante legal— con todas las partidas de gastos y desembolsos incurridos que a su entender son correctas y fueron necesarias para la tramitación del pleito. ELA v. El Ojo de Agua Development, *supra;* Rosario Domínguez et als. v. ELA et al., *supra*, pág. 217.

La referida Regla 44.1(b) también establece que, cualquier parte que no esté conforme con las costas reclamadas, dispondrá de un término de diez (10) días, contados a partir de la notificación del memorando de costas, para presentar su escrito en oposición. Los términos dispuestos en esta regla son de naturaleza **jurisdiccional**, por lo que, el foro primario también carece de facultad para extenderlos.  ELA v. El Ojo de Agua Development, *supra;* Rosario Domínguez et als. v. ELA et al., *supra*, pág. 218.

En esa línea, la Regla 68.2 de Procedimiento Civil, dispone en cuanto a las prórrogas o reducción de términos, que el Tribunal "no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en éstas bajo las condiciones en ellas prescritas." 32 LPRA Ap. V.

De no haber impugnación, "el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas". ELA v. El Ojo de Agua Development, *supra;* Rosario Domínguez et als. v. ELA et al., *supra*, pág. 218.

Por consiguiente, ante la oportuna presentación de un memorando de costas juramentado, el tribunal tendrá que realizar dos determinaciones: primero, cuál fue la parte que prevaleció en el pleito, y segundo, cuáles de los gastos en los que esta incurrió fueron necesarios y razonables. Class Fernández v. Metro Health Care Management System, Inc., 2024 TSPR 63, 213 DPR _____, (2024), ELA v. El Ojo de Agua Development, *supra*, pág. 529; JTP Dev. Corp. v. Majestic Realty Corp., 130 DPR 456, 461 (1993).

Cónsono con lo anterior, se ha establecido que no todos los gastos del litigio son recobrables como costas. Class Fernández v. Metro Health Care Management System, Inc., *supra*; PR Fast Ferries, et al. v. AAPP, 2023 TSPR 121, 213 DPR __ (2023); JTP Development Corp. v. Majestic Realty Corp., *supra*, pág 460.  El Tribunal Supremo ha determinado que los siguientes gastos son recobrables como costas, a saber: sellos de radicación de las alegaciones, sellos cancelados en las mociones, gastos de emplazamiento, sellos cancelados para efectuar embargos, transcripción de evidencia, deposiciones, entre otros. (Énfasis

suplido). Class Fernández v. Metro Health Care Management System, Inc., *supra*; J.A. Echevarría Vargas, *op. cit.*, pág. 276. En cuanto a las transcripciones y deposiciones, se ha reiterado que el gasto incurrido en obtener deposiciones es recobrable si son necesarias, **aunque no se usen en las vistas del caso** [...]. Class Fernández v. Metro Health Care Management System, Inc., *supra*; Pereira v. IBEC, 95 DPR 28, 78 (1967).

### C. Costas de perito

En una acción por impericia médica, el demandante deberá establecer mediante prueba pericial cuáles son los requisitos de cuidado y conocimiento científico requeridos por la profesión en el tratamiento de sus pacientes. López v. Dr. Cañizares, 163 DPR 119, 133 (2004); Soc. de Gananciales v. Géigel, 145 DPR 663, 673 (1998); Rodríguez Crespo v. Hernández, 121 DPR 639, 650 (1988). Una vez demostrado cuáles son las normas mínimas de conocimiento y cuidado médico aplicables a la controversia en cuestión, el demandante deberá probar que el demandado incumplió con dichas normas en el tratamiento del paciente y que ello fue la causa de la lesión sufrida. López v. Dr. Cañizares, *supra*, pág. 134.

Cuando se trata de peritos, el derecho de recobrar como costas los gastos incurridos en la presentación de peritos, dependerá de si se trata de un perito del tribunal o un perito de la parte. Toppel v. Toppel, 114 DPR 16, 22 (1983). En el caso de los expertos contratados por las partes, el rembolso opera por vía de excepción y se concederán únicamente cuando ello esté plenamente justificado. Maderas Tratadas v. Sun Alliance et al, *supra,* pág. 935; Toppel v. Toppel, *supra*; Meléndez v. Levitt & Sons of PR, 104 DPR 797, 811 (1976).

Así pues, la compensación como gastos no es automática. El tribunal, al pasar juicio sobre si procede o no el pago de dichos honorarios, tendrá que evaluar su naturaleza y utilidad a la luz de los hechos particulares del caso ante su consideración. La parte que los reclama tiene el deber de demostrar que el testimonio pericial presentado era necesario para que prevaleciera su teoría. Maderas Tratadas v. Sun Alliance et al, *supra,* pág. 935; Toppel v. Toppel, *supra*.

De manera que, lejos de ser automática, la designación de la compensación de un perito como costas está sujeta a los rigores del escrutinio judicial a través del cual se examinará tanto la naturaleza de su preparación, como la utilidad de su intervención. Maderas Tratadas v. Sun Alliance et al, *supra,* págs. 935-936. Significa esto que deben tomarse en cuenta las credenciales que ostenta el experto designado para rendir una opinión sobre una materia en particular. También corresponde examinar el alcance de su testimonio, para de este modo estar en posición de aquilatar su utilidad en beneficio de la postura procesal de la parte que resulte victoriosa. Maderas Tratadas v. Sun Alliance et al, *supra,* pág. 936. Cónsono con lo anterior, se descartará el mismo en la medida en que éste resulte "irrelevante, inmaterial o innecesario" en la tramitación del caso del que solicita el rembolso. Maderas Tratadas v. Sun Alliance et al, *supra,* pág. 936; Toppel v. Toppel, *supra*, pág. 22; Meléndez v. Levitt & Sons of PR, *supra*, pág. 811.

**III.**

El Sr. Rivera Pacheco alegó que, aun cuando el foro primario careciera de jurisdicción para tomar en consideración su *Oposición al Memorando de Costas*, el Foro de Instancia gozaba de discreción para analizar las partidas reclamadas.

En cuanto a las costas solicitadas para el perito del Dr. Rojas Díaz, el Peticionario sostuvo que no proceden, pues el Dr. Suárez Castro no testificó y su presencia no tuvo el alcance para la determinación del juzgador. Agregó que el perito nunca estuvo en el tribunal por ocho (8) horas consecutivas y que el demandado no presentó su prueba, sino que argumentó una moción de desestimación, la cual fue concedida. Cuestionó, a su vez, los gastos de radicación por $270.00, porque el arancel de presentación costaba $90.00. En cuanto al gasto incurrido en la toma de deposición del Peticionario, sostuvo que no se utilizó en el juicio ni se demostró su utilidad para probar la teoría del caso.

El Recurrido, por su parte, aseveró que el Peticionario presentó una oposición al memorando de costas, luego del término jurisdiccional de diez (10) días. En cuanto a la partida reclamada como costas periciales, indicó que, debido a la complejidad técnica de las alegaciones y la prueba pericial del demandante, era inminente la contratación de un experto médico para asistirle en la defensa del demandado. Mencionó que, a través de todo el litigio, el Dr. Suárez Castro analizó múltiples documentos y que su asesoría le permitió al demandado llevar a cabo un contrainterrogatorio eficaz del perito del demandante, lo que contribuyó a la desestimación del caso.

Evaluado el expediente, junto al derecho aplicable, decidimos no intervenir con la determinación recurrida.

El 24 de junio de 2024, el Tribunal dictó Sentencia mediante la cual desestimó la demanda de impericia médica incoada contra el Dr. Rojas Díaz. El 2 de julio de 2024, este presentó un *Memorando de Costas* para recobrar $270 por gastos de radicación, $250.20 por gastos de transcripción de deposición y $10,296 que reclamó el Dr. José E. Suárez Castro.

Tras ello, el demandante disponía de diez (10) días para replicar. Sin embargo, presentó su oposición el 22 de julio de 2024, luego de transcurrido el término jurisdiccional de diez (10) días.[3] Por lo tanto, la *Oposición* y subsiguiente *Dúplica* fueron presentadas a destiempo y el Foro Primario no las podía considerar.

Ante ello, solo le restaba al Foro de Instancia conceder como costas aquellos gastos necesarios y razonables. El Tribunal Primario determinó conceder las costas en su totalidad. No vamos a variar esta decisión, en este pleito de impericia médica que comenzó en el año 2018 y se extendió varios años hasta la celebración del juicio en su fondo en el año 2023.

Nuestro estado de derecho permite la concesión de gastos de presentación, lo que incluye los $90 de aranceles. Por eso, $270.00 reclamados por este concepto es razonable.[4] De igual forma, proceden los $250.20 requeridos como gasto de la deposición tomada al Peticionario Rivera Pacheco, aunque referida deposición no se hubiese utilizado en el juicio.[5]

En cuanto a las costas para el perito del demandado, Dr. Suárez Castro, procede este pago por vía de excepción. Aunque el perito no testificó en el juicio, su presencia en sala estuvo plenamente justificada. Al tratarse de un caso de impericia médica, el Tribunal Supremo ha establecido que la parte demandante debe presentar prueba pericial para sustentar su reclamo.[6] De la misma manera, resultaba necesario que la parte

---

[3] Véase, Reglas 44.1 (b) y 68.2 de Procedimiento Civil, *supra*; ELA v. El Ojo de Agua Development, *supra;* Rosario Domínguez et als. v. ELA et al., *supra*, pág. 218.

[4] Véase, Class Fernández v. Metro Health Care Management System, Inc., *supra.*

[5] Íd.

[6] Véase, López v. Dr. Cañizares, *supra*.

demandada se valiera de un médico experto para contrarrestar la prueba del demandante.

En estas circunstancias, concebimos que, durante los días de juicio, la ayuda que brindó el Dr. Suárez Castro a la abogada del demandado fue pieza clave para que la solicitud de desestimación prevaleciera. Más aun cuando se trata de un tema complejo y técnico relacionado al tratamiento de pacientes, que ameritaba la intervención pericial. Los gastos son adecuados y razonables.

En fin, examinada la totalidad del expediente, concluimos que no hay base para intervenir con la discreción ejercida por el Foro Primario al conceder los gastos que reclamó el Dr. Rojas Díaz.

## IV.

Por las razones antes expresadas, se deniega la expedición del auto de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones