AUGE, DEMANDANTE Y APELADA, *v.* SOLOSSE, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre divorcio (alimentos provisionales y *litis expensas.*)

No. 2951.—Resuelto en mayo 22, 1923.

DIVORCIO—ALIMENTOS PROVISIONALES—*Litis Expensas.*—Dictada sentencia de divorcio contra la esposa, ésta puede pedir y obtener alimentos provisionales y *litis expensas* mientras se resuelve la apelación entablada contra la sentencia.

ID.—INTERPRETACIÓN DE LAS FRASES: "MIENTRAS EL JUICIO SE SUSTANCIE Y DECIDA" Y "DURANTE EL JUICIO."—Las palabras "mientras el juicio se sustancie y decida" y "durante el juicio" usadas respectivamente en los artículos 166 y 168 del Código Civil, significan: hasta que se dicte resolución final en apelación o hasta que haya expirado el término para interponer dicho recurso, de acuerdo con lo dispuesto en el artículo 348 del Código de Enjuiciamiento Civil.

ID.—ALIMENTOS PROVISIONALES—CUANTÍA DE LA PENSIÓN ALIMENTICIA Y PAGO DE HONORARIOS.—Una resolución que concede a la esposa que apeló la sen-

tencia de divorcio $100 para honorarios de abogado y $30 mensuales para alimentos provisionales, habiéndose probado que el esposo posee una finca de 13 hectáreas en Hato Rey, de la cual ha vendido varios solares pequeños, y otra de 100 cuerdas en Río Piedras, no es contraria a las disposiciones del artículo 216 del Código Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan de Guzmán Benítez.*

Abogados de la apelada: *Sr. R. H. Blondet* y *J. Martínez Dávila.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Está envuelta en este caso la cuestión de si dictada sentencia en un pleito de divorcio en contra de la mujer y pendiente la apelación establecida por ésta contra dicha sentencia, puede la mujer acudir a la corte de distrito y solicitar y obtener alimentos provisionales y *litis expensas.* La corte de distrito resolvió la cuestión en la afirmativa y el marido apeló para ante esta Corte Suprema.

A nuestro juicio actuó correctamente la corte de distrito. El artículo 168 del Código Civil revisado dice: ''Si la mujer no contare con suficientes recursos para vivir durante el juicio, la corte de distrito ordenará al marido que le pase una pensión alimenticia en proporción a los bienes de éste.'' Y esta Corte Suprema, interpretando las palabras ''mientras el juicio se sustancie y decida'' usadas en el artículo 166 del propio cuerpo legal que forma parte con el 168 del mismo capítulo que trata ''De las medidas provisionales a que puede dar lugar el juicio por divorcio,'' resolvió: ''Las palabras 'mientras el juicio se sustancie y decida' empleadas en el artículo 166 significan: hasta que se dicte resolución final en apelación, o hasta que haya expirado el término para interponer dicho recurso, de acuerdo con lo dispuesto en el artículo 348 del Código de Enjuiciamiento Civil.'' *Axtmayer* v. *El Pueblo,* 19, D. P. R. 399. Ambas expresiones: ''durante el juicio'' y ''mientras el juicio se sustancie y decida,'' atendido el espíritu que informa todo el capítulo, deben

considerarse como teniendo igual alcance. Si bien la sen·
tencia apelada tiene la presunción de justa, no puede ne-
garse que la apelación abre de nuevo la contienda y la situa·
ción transitoria se prolonga a virtud de ella. Mientras el
conflicto no se decida definitivamente, mientras el vínculo ma-
trimonial no quede totalmente roto y disuelto, el matrimo-
nio existe y debe proveerse a las necesidades de los cón-
yuges de acuerdo con la ley.

Resuelta la cuestión que antecede que es la única que se
presentaba en forma dudosa, las demás envueltas no ofre·
cen dificultad.

En el caso de *Workers* v. *Masson,* 27 D. P. R. 278, se de-
cidió que "Una esposa que ejercita la acción de divorcio
tiene derecho a reclamar de su marido en una acción cola·
teral de alimentos provisionales el pago de honorarios de
abogado, *pendente lite,* cuya cuantía queda a la sana discre-
ción de la corte."

Los honorarios de abogado se fijaron aquí en cien dólares
y la cuota alimenticia de la mujer en treinta mensuales. El
marido es el administrador de los bienes del caudal común
y se presentó prueba tendente a demostrar que tiene inscri-
tas a su nombre dos fincas rústicas una de trece hectáreas
situada en Hato Rey de la cual ha vendido más de diez pe-
queños solares y otra de cien cuerdas situada en los barrios
de Mameyes y Hato Nuevo, de Río Piedras. No se ha de-
mostrado violación alguna del artículo 216 del Código Civil.

Debe confirmarse la orden recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y
Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la re-
solución de este caso.