ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| CARMEN DELGADO MARRERO Y OTROS<br><br>Peticionarios<br><br>V.<br><br>DR. ARMANDO WISCOVITCH Y OTROS<br><br>Recurridos | TA2025CE00613 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>J DP2015-0288<br><br>Sobre:<br><br>Impericia Médica |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 14 de noviembre de 2025.

Carmen Delgado Marrero y otros (Parte Peticionaria o señora Delgado Marrero) nos solicita que revisemos la *Resolución* que emitió el 31 de julio de 2025 el Tribunal de Primera Instancia, Sala de Ponce. Mediante esta, el foro primario ordenó el pago de $35,391.64 por concepto de las costas que reclamó el Dr. Nelson Medina Moreno.

Por los fundamentos que exponemos, se expide el auto de *certiorari* para modificar la *Resolución* recurrida.

## I.

En junio de 2015, Carmen Delgado Marrero, su esposo José W. León Brandi, la sociedad legal de bienes gananciales compuesta entre ambos, junto a su hijo José León Delgado interpusieron una *Demanda*[1] contra el Dr. Armando A. Wiscovitch,

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones, (SUMAC TA), Oposición a Petición de *Certiorari*, Apéndice 1.

su aseguradora; el Dr. Nelson Medina Moreno, su aseguradora y otros, por alegada impericia médica en el tratamiento brindado a la paciente Liza Limary León Delgado (Liza).

El 20 de noviembre de 2015, el doctor Medina Moreno, representado por el licenciado José Héctor Vivas, contestó la demanda. Asimismo, lo hizo, el 13 de mayo de 2016, Puerto Rico Medical Defense Insurance Company (Puerto Rico Medical Defense), como aseguradora del doctor Medina Moreno.

Luego de otros trámites, el 18 de mayo de 2021[2], el foro primario desestimó la reclamación en cuanto al doctor Wiscovitch y su aseguradora, en virtud de un acuerdo transaccional.

El 18 de abril de 2022, los demandantes enmendaron la demanda[3] para sustituir al señor León Brandi por su sucesión. El 24 de mayo de 2022, el doctor Medina Moreno y Puerto Rico Medical Defense contestaron la primera demanda enmendada de manera conjunta.

El 26 de mayo de 2022, el doctor Medina Moreno y su aseguradora Puerto Rico Medical Defense presentaron una *Moción Urgente Notificando Circunstancias Extraordinarias y Solicitando del Tribunal permita presentación de Perito al Dr. Nelson Medina Moreno*[4]. En esta, informaron que el perito que había anunciado, el gastroenterólogo, Dr. Juan T. Tomasini Flores, rindió y notificó un informe, pero que este no podía continuar como perito por razones de salud.

Más adelante, el 8 de marzo de 2023[5], el doctor Medina Moreno le informó al foro de instancia que contrató el doctor Vasco Eguía Moreda como perito. Como exhibit III, incluyó el *curriculum*

---

[2] Oposición a Petición de Certiorari SUMAC TA, apéndice 12, sentencia, pág. 2.
[3] Oposición a Petición de Certiorari SUMAC TA, apéndice 2.
[4] Oposición a Petición de Certiorari, SUMAC TA, apéndice 6.
[5] Oposición a Petición de Certiorari, SUMAC TA, apéndice 7.

*vitae* del perito Eguía Moreda, con dirección en A37 A Street Villa Caparra, Guaynabo PR 00966. Así las cosas, el 13 de abril de 2023[6], el doctor Medina Moreno, les notificó a las partes el informe pericial del doctor Eguía Moreda.

El 8 de junio de 2023[7], las partes suscribieron el *Informe de Conferencia con Antelación al Juicio*. Allí, el doctor Medina Moreno identificó al doctor Vasco Eguía como su perito. El juicio en su fondo tuvo lugar los días 26, 27, 28, 29 de junio, 4, 11 de agosto y 8 de diciembre de 2023[8]. Examinada la prueba, el 25 de junio de 2025, el foro primario dictó una *Sentencia*. En cuanto a la prueba testifical de la parte demandada, el foro primario plasmó en la Sentencia que, "prestaron testimonio, el demandado, Dr. Nelson Medina Moreno, y **el Dr. Vasco Eguía Moreda, como perito gastroenterólogo**[9]." Luego de examinar toda la prueba documental, testifical y pericial, el foro primario declaró *No Ha Lugar* la demanda incoada contra el doctor Medina Moreno. Consecuente a ello, le impuso a la demandante el pago de las costas, gastos y honorarios de abogado.

El 7 de julio de 2025,[10] el codemandado Medina Moreno presentó un *Memorando de Costas y Gastos bajo las disposiciones de la Regla 44.1 (A) y (B) de Procedimiento Civil de Puerto Rico*. Allí reclamó lo siguiente:

> a. Gastos de fotocopias de expedientes médicos y documentos necesarios para el Juicio. $241.28
>
> b. Gastos de peritaje (Anejo I) $34,600.00
>
> c. Sellos de Primera Comparecencia el cual fue necesario para la adecuada presentación de documentos y escritos ante el Tribunal $90.00

---

[6] Oposición a Petición de Certiorari, SUMAC TA, apéndice 8.
[7] Oposición a Petición de Certiorari, SUMAC TA, apéndice 9.
[8] Oposición a Petición de Certiorari, SUMAC TA, apéndice 12, sentencia, pág 3.
[9] Oposición a Petición de Certiorari SUMAC TA, apéndice 12, sentencia, pág 3.
[10] *Certiorari*, SUMAC TA, apéndice 4.

d. Transcripciones de deposiciones a demandantes y peritos (Anejo II) $460.36

Total $35,391.64

Junto al memorando de costas, el doctor Medina Moreno incluyó unas facturas atribuibles a los peritos. En cuanto al doctor Juan T. Tomasini, incluyó tres (3) facturas de $5,600.00, $2,400.00 y $3,600.00 para un total de $11,600.00. Ello, a razón de $200.00 la hora. Incluyó, también, cuatro (4) facturas de Gastro VEM, LLC, con dirección en A37 Calle A. Villa Caparra, Guaynabo, PR 00966 para un total de veintitrés mil dólares ($23,000.00) calculadas a razón de quinientos dólares ($500.00) por cuarenta y seis (46) horas. Los gastos reclamados como costas de ambos peritos ascendieron a treinta y cuatro mil seiscientos dólares ($34,600.00). Para sufragar las facturas de Gastro Vem, el demandado incluyó los pagos que emitió "PRMD Ins. Company".

El 16 de julio de 2025[11], la parte demandante presentó una *Moción en Oposición a Memorando de Costas Presentado por el Dr. Nelson Medina*. A grandes rasgos, alegó que el concepto de costas exige una interpretación restrictiva. Además, que el foro primario debía evaluar la razonabilidad de estos, dentro de la realidad económica de Puerto Rico y que no se debían aprobar gastos innecesarios, superfluos o extravagantes. Alegó también que la factura de las costas de perito está a nombre de Gastro Vem LLC, que es una corporación distinta al perito anunciado y, que no incluyeron el contrato con referida compañía. Indicó que los pagos los realizó una corporación de nombre PRMD Ins. Company. Aludió que no tenían evidencia en el expediente de

---

[11] *Certiorari*, SUMAC TA, apéndice 5.

que se hubiesen notificado los honorarios de este perito. En particular, cuestionó las facturas número 1680 y 1690 por ambas incluir honorarios por unas vistas que fueron canceladas. Disputó, a su vez, la factura de Crespo & Rodríguez del 7 de octubre de 2017, porque no se proveyó evidencia de su pago y porque entienden que fue el doctor Wiscovitch a quien se le facturó. De igual manera, arguyó que el reclamo de $35,391.64 como costas, equivale a una penalidad a la demandante, a pesar de que la imposición de las costas exige una interpretación restrictiva, dentro de la realidad económica de las personas concernidas. Aseveró que la parte demandante no es una persona pudiente ni solvente económicamente.

El 29 de julio de 2025, el doctor Medina Moreno interpuso una *Réplica a Oposición a Memorando de Costas*. Aseveró, en síntesis, que aun cuando Puerto Rico Medical Defense, como aseguradora, asumió el pago de costas en el litigio, ello no alteró el derecho legal a la concesión de costas. Indicó que la obligación de pagar costas surge por disposición legal, no por la fuente de pago. Que, si la aseguradora asumió esa obligación contractualmente, no le corresponde a la parte demandante impugnar ese acuerdo. Adujo que los gastos periciales fueron necesarios para la defensa del doctor Medina Moreno.

Evaluados los escritos, el 31 de julio de 2025, notificada el 4 de agosto de 2025[12], el foro primario dictó una *Resolución* para conceder la totalidad de los gastos reclamados como costas. Para arribar a esta decisión, el tribunal de instancia indicó que, "no tenemos discreción para negarnos a otorgar las costas que correspondan en derecho debido [a que] una vez se reclaman

---

[12] *Certiorari*, SUMAC TA, apéndice 2.

oportunamente, la imposición de costas a favor de la parte victoriosa es mandatoria".[13]  Agregó el tribunal de instancia que los gastos incurridos por la codemandada fueron necesarios para la tramitación del pleito.

En desacuerdo, el 19 de agosto de 2025, la Parte Peticionaria solicitó Reconsideración.  El 28 de agosto de 2025, el doctor Medina Moreno se opuso y el 11 de septiembre, el foro primario denegó reconsiderar.

Aun inconforme, la Parte Peticionaria acudió a nuestro foro mediante solicitud de *certiorari* en el que adujo lo siguiente:

> Erró el Tribunal de Primera Instancia al conceder el *Memorandum* de Costas presentado por el Dr. Nelson Medina en una Resolución que es contraria al derecho sustantivo vigente y aplicable a este caso, actuando sin jurisdicción para ello conforme la Regla 44 de las de Procedimiento Civil vigentes y al no validar el derecho procesal al que es acreedora la parte demandante respecto a la imposición de costas en este caso.

El 27 de octubre de 2025, el doctor Nelson Medina presentó su *Oposición a Petición de Certiorari*, por lo que, damos por perfeccionado el recurso.

## II.

## A.

El recurso de *certiorari* constituye un vehículo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).  El adecuado

---

[13] Íd.

ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". García v. Asociación, 165 DPR 311, 321 (2005).

Al tratarse de una reclamación post sentencia, relacionada a las costas, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. 800 Ponce de León v. AIG, *supra;* Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338. De manera

que, los foros apelativos solo intervendremos con el ejercicio de la discreción del foro revisado en aquellas instancias que se demuestre que este último (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera et al. v. Arcos Dorados et al., *supra*.

**B.**

Las costas son "los gastos, necesariamente incurridos en la tramitación de un pleito o procedimiento, que un litigante debe reembolsar a otro por mandato de ley o por determinación discrecional del juez". ELA v. El Ojo de Agua Development, 205 DPR 502, 527 (2020); citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 4201, pág. 426; Garriga, Jr. v. Tribunal Superior, 88 DPR 245, 253 (1963).

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, regula las costas, como sigue:

> (a) Su concesión. Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.
>
> (b) Cómo se concederán. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante una certificación del abogado o de la abogada, y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. **Si no**

**hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas**. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari*. […] (Énfasis nuestro).

La disposición sobre las costas tiene una función reparadora, pues procura resarcir a la parte que resulte victoriosa en el pleito mediante el reembolso de los gastos **necesarios** y **razonables** en los que tuvo que incurrir para que su teoría prevaleciera. ELA v. El Ojo de Agua Development, *supra*; Rosario Domínguez et als. v. ELA et al., 198 DPR 197, 211 (2017); Maderas Tratadas v. Sun Alliance et al, 185 DPR 880, 924 (2012). (Énfasis nuestro). En consecuencia, una vez se reclama su pago, la imposición de las costas razonables y necesarias a la parte perdidosa es mandatoria. ELA v. El Ojo de Agua Development, *supra*; Rosario Domínguez et als. v. ELA et al., *supra*, pág. 212; Maderas Tratadas v. Sun Alliance et al., *supra*, pág. 934. Véase, además, J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 1era Ed. Rev., Colombia, [s. Ed.], 2012, pág. 275.

Ahora bien, el pago de costas no es automático. Es necesario que la parte prevaleciente cumpla con el procedimiento dispuesto en la Regla 44.1(b) de Procedimiento Civil, *supra*. ELA v. El Ojo de Agua Development, *supra*, pág. 528; Rosario Domínguez et als. v. ELA et al., *supra*, pág. 212.

La referida Regla 44.1(b) también establece que, cualquier parte que no esté conforme con las costas reclamadas, dispondrá de un término de diez (10) días, contados a partir de la notificación

del memorando de costas, para presentar su escrito en oposición. Los términos dispuestos en esta regla son de naturaleza jurisdiccional, por lo que, el foro primario también carece de facultad para extenderlos. ELA v. El Ojo de Agua Development, *supra;* Rosario Domínguez et als. v. ELA et al., *supra*, pág. 218.

De no haber impugnación, "el tribunal aprobará el memorándum de costas y **podrá eliminar** cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas". ELA v. El Ojo de Agua Development, *supra;* Rosario Domínguez et als. v. ELA et al., *supra*, pág. 218.

Por consiguiente, ante la oportuna presentación de un memorando de costas juramentado, el tribunal tendrá que realizar dos determinaciones: primero, cuál fue la parte que prevaleció en el pleito, y segundo, cuáles de los gastos en los que esta incurrió fueron **necesarios y razonables**. Class Fernández v. Metro Health Care, 214 DPR 348, 362 (2024), ELA v. El Ojo de Agua Development, *supra*, pág. 529; JTP Dev. Corp. v. Majestic Realty Corp., 130 DPR 456, 461 (1993). (Énfasis suplido). Esta determinación descansa en la **discreción** del tribunal al momento de evaluar la razonabilidad y determinar la necesidad de los gastos detallados. Class Fernández v. Metro Health Care, *supra*.

Su razonabilidad se entenderá dentro de la realidad económica de Puerto Rico y, en cuanto a los gastos personales, además, se tendrá en cuenta la condición económica de las personas concernidas (testigos y litigantes). No se aprobarán gastos innecesarios, superfluos o extravagantes. Pereira v. IBEC, 96 DPR 28, 79 (1967); citando a Garriga, Jr. v. Tribunal Superior, *supra*, pág. 257.

Cónsono con lo anterior, se ha establecido que no todos los gastos del litigio son recobrables como costas. Class Fernández v. Metro Health Care, *supra*; PR Fast Ferries, et al. v. AAPP, 213 DPR 103, (2023); JTP Development Corp. v. Majestic Realty Corp., *supra*, pág 460. "[L]as costas procesales no cubren la totalidad de los gastos que ocasiona el proceso; ya que no son sinónimos de los gastos del litigio y tienen una interpretación restrictiva que se justifica tradicionalmente en el interés de garantizar el mayor acceso a los litigantes de manera económica." Maderas Tratadas v. Sun Alliance et al, *supra,* pág. 935, citando a J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Pubs. JTS, Tomo IV, 2011, pág. 1266. Quedan sujetos a las disposiciones del mencionado precepto procesal únicamente aquellos expendios que se consideren necesarios en la gestión judicial. Maderas Tratadas v. Sun Alliance et al, *supra*.

El Tribunal Supremo ha determinado que los siguientes gastos son recobrables: sellos de radicación de las alegaciones, sellos cancelados en las mociones, gastos de emplazamiento, sellos cancelados para efectuar embargos, transcripción de evidencia, deposiciones, entre otros. Class Fernández v. Metro Health Care, *supra,* pág. 363; Pereira v. IBEC, *supra*, pág. 78.

Cuando se trata de peritos, aunque se ha reconocido que estos están comprendidos dentro del concepto de costas recobrables, en el caso particular de los expertos contratados por las partes, el rembolso opera por **vía de excepción** y se concederán únicamente cuando ello esté plenamente justificado. Maderas Tratadas v. Sun Alliance et al, *supra,* pág. 935; Andino Nieves v. A.A.A., supra; Toppel v. Toppel, 114 DPR 16, 22 (1983); Meléndez v. Levitt & Sons of P.R., 104 DPR 797, 811 (1976).

Así pues, relativo al caso de honorarios de peritos, su compensación, como gastos, **no es automática**. El tribunal, al pasar juicio sobre si procede o no el pago de los honorarios, tendrá que evaluar su naturaleza y utilidad a la luz de los hechos particulares del caso ante su consideración. La parte que los reclama tiene el deber de demostrar que el testimonio pericial presentado era necesario para que prevaleciera su teoría. Maderas Tratadas v. Sun Alliance et al, *supra,* pág. 935; Toppel v. Toppel, *supra*.

De manera que, lejos de ser automática, la designación de la compensación de un perito como costas está sujeta a los rigores del escrutinio judicial a través del cual se examinará tanto la naturaleza de su preparación, como la utilidad de su intervención. Maderas Tratadas v. Sun Alliance et al, *supra,* págs. 935-936. Esto significa que deben tomarse en cuenta las credenciales que ostenta el experto designado para rendir una opinión sobre una materia en particular. También corresponde examinar **el alcance de su testimonio**, para de este modo estar en posición de aquilatar su utilidad en beneficio de la postura procesal de la parte que resulte victoriosa. Maderas Tratadas v. Sun Alliance et al, *supra,* pág. 936. Cónsono con lo anterior, se descartará el mismo en la medida en que éste resulte "irrelevante, inmaterial o innecesario" en la tramitación del caso del que solicita el rembolso. Maderas Tratadas v. Sun Alliance et al, *supra,* pág. 936; Toppel v. Toppel, *supra*, pág. 22; Meléndez v. Levitt & Sons of PR, *supra*, pág. 811.

A tenor con la antes mencionada normativa, evaluamos.

**III.**

La Parte Peticionaria alegó que el doctor Medina Moreno reclamó en las costas del litigio, ciertos gastos que emitió su

aseguradora y codemandada, Puerto Rico Medical Defense (PRMD). Reseñó que la aseguradora compareció como codemandada y no fue la parte que solicitó las costas, como lo dispone la Regla 44 de Procedimiento Civil, *supra*. Por lo tanto, indicó que el foro primario no tenía jurisdicción para concederlas. Señaló que el doctor Medina Moreno no incurrió en ninguno de los gastos reclamados en su memorando de costas, ni fue quien realizó el pago de estas. Asimismo, manifestó que Gastro Vem, LLC (Gastro Vem) nunca fue anunciada como la parte que prestaría servicios periciales. En consecuencia, adujo que la demandada le privó de la oportunidad de cuestionar la naturaleza de sus servicios periciales, sus honorarios y su rol en el caso, lo cual violentó su debido proceso de ley. Agregó que el foro primario no consideró la razonabilidad de las costas, dentro de la realidad económica en Puerto Rico. Además, que omitió examinar las discrepancias en las facturas presentadas según la parte demandante lo requirió en la oposición al memorando de costas.

El recurrido, por su parte, alegó que, durante la tramitación del pleito, el doctor Medina Moreno y su aseguradora comparecieron de forma conjunta con el mismo abogado. Indicó que memorando de costas incluyó partidas razonables y necesarias para la tramitación del pleito.[14] Adujo que el memorando de costas fue oportuno y detallado.

Revisamos.

Conforme la relación de hechos delineada, en esta acción de impericia médica, el doctor Medina Moreno había contratado al doctor Tomasini Flores para que fungiera como su perito. No obstante, el 26 de mayo de 2022, el doctor Medina Moreno y su

---

[14] Aludió a <u>Garriga Jr. v. Tribunal</u>, 88 DPR 245 (1963).

aseguradora Puerto Rico Medical Defense, informaron que el doctor Tomasini Flores no podía continuar en sus funciones.

Por esa razón, el 8 de marzo de 2023, el doctor Medina Moreno notificó la contratación del doctor Vasco Eguía Moreda, como su nuevo perito. Este rindió un informe y testificó en el juicio en su fondo, según consta en la *Sentencia* que emitió el foro primario.

Ahora bien, como el foro primario desestimó la acción incoada contra el doctor Medina Moreno, este presentó un memorando de costas. En síntesis, reclamó los siguientes gastos: (1) fotocopias por $241.28, (2) sellos de primera comparecencia por $90.00, (3) transcripciones de deposiciones a demandantes y perito ascendentes a $460.36 y (4) gastos de peritaje por $34,600.00.

En los gastos de peritaje incluyó los que facturó el doctor Tomasini Flores, ascendentes a once mil seiscientos dólares ($11,600.00), contabilizados a razón de doscientos dólares ($200.00) la hora. También añadió las facturas que reclamó la entidad Gastro Vem, LLC, por veintitrés mil dólares ($23,000.00), a razón de quinientos dólares ($500.00) la hora por cuarenta y seis (46) horas.

En cuanto a las facturas de Gastro Vem, que cuestiona la Parte Peticionaria, podemos razonablemente concluir que estas se tratan de los servicios periciales que le ofreció el doctor Vasco Eguía Moreda (VEM) al codemandado doctor Medina Moreno. Llegamos a esta conclusión luego de corroborar que el *curriculum vitae* que sometió referido facultativo y las facturas sometidas para pago, tenían la misma dirección. Así mismo, en las facturas de Gastro Vem, la entidad particularizó el servicio rendido en el caso de Carmen Delgado Marrero v. Dr. Nelson Medina. Por tanto,

las facturas que sometió Gastro Vem se refería a los servicios que periciales ofrecidos al doctor Medina Moreno.  En consecuencia, el doctor Medina Moreno podía reclamar, como costas, las facturas que emitió el perito, por conducto de Gastro Vem.  Claro está, el hecho de que el doctor Medina Moreno pueda reclamar las costas es un asunto independiente a los acuerdos contractuales entre la aseguradora y su asegurado relacionado al pago de los honorarios de ese perito.  Hacemos esta salvedad pues la Parte Peticionaria alegó que Puerto Rico Medical Defense (PRMD) aparece como la entidad que presuntamente emitió los pagos de peritaje y era esa parte quien debió reclamarlos. La concesión de costas es un concepto distinto a los acuerdos de honorarios que tenga el perito con la parte que lo contrata.

Aclarado lo anterior, evaluamos la razonabilidad de los gastos reclamados en el memorando de costas.

Los primeros tres (3) gastos relacionados a fotocopias, sellos y deposición, no fueron cuestionados en este recurso, por tanto, no intervenimos en estos.  Aun así, resultan razonables.

Relativo a los honorarios de peritos, el derecho aquí reseñado dispone que, estas no se conceden de forma automática. Mas aún, cuando se trata de peritos contratados por las partes, estos pueden conceder por **excepción**.  Por tanto, si bien la concesión de las costas es mandatoria, ello no implica que el foro primario deba abdicar en su función de revisar, dentro del marco de su discreción, si lo reclamado es **razonable**.  De igual manera, el tribunal debe pasar juicio sobre la naturaleza y utilidad del testimonio pericial.[15]

---

[15] Ver <u>Maderas Tratadas v. Sun Alliance et al</u>, *supra,* pág. 935.

En cuanto a los honorarios del perito Tomasini Flores, ascendentes a $11,600.00, este gasto no estuvo justificado. El doctor Tomasini Flores cesó sus funciones durante el trámite del pleito, **no** compareció al juicio, ni fue mencionado en la Sentencia que emitió el foro de instancia. Por tanto, no se pueden reclamar como costas del litigio.

En cuanto a la factura de Gastro Vem, relacionada al doctor Vasco Eguía Morada, vemos que este perito rindió un informe y declaró en el juicio, tal como quedó plasmado en la Sentencia. Ahora bien, para efectos de las **costas** de litigio evaluamos la **razonabilidad** y la **utilidad** de lo reclamado.

El doctor Eguía Moreda, quien le sustituyó al perito Tomasini Flores, facturó a razón quinientos dólares ($500.00) la hora. Esto, a pesar de que el primer perito había fijado una tarifa de doscientos dólares ($200.00) la hora. Notamos, entonces la desproporción entre ambas cantidades. Tanto es así que la tarifa por hora del doctor Eguía Moreda representa más del doble por hora de lo que estableció el primer perito. Así que, bajo el criterio de razonabilidad, nos corresponde ajustar el costo por hora a la suma promedio de trescientos dólares ($300.00), como tarifa aceptable como costas.

Además de ello, procede ajustar las facturas número 1680 y 1690 que sometió Gastro Vem, tal como lo reclamó la Parte Peticionaria en su oposición al memorando de costas y en el recurso ante nos. Según expusimos, la concesión de costas de perito son la excepción que debe ser revisada dentro del criterio de razonabilidad y necesidad. Evaluamos las facturas cuestionadas:

**Factura 1680**, inciso (3), se reclamó nueve (9) horas a quinientos dólares ($500.00), equivalentes a cuatro mil quinientos dólares ($4,500.00), por lo siguiente:

Consulting
06-30-2023. Se factura el día de la Vista en el Tribunal aun cuando la misma fue cancelada por el Juez el día 29 de junio a las 5:00PM. Aun así, tuve reunión con el Lcdo. Vivas revisando los expedientes e informes médicos basado en los apuntes del Lcdo. Vivas en preparación para juicio futuro.
Caso: Carmen Delgado Marrero vs. Dr. Nelson Medina.

El concepto reclamado por la cancelación de un juicio, el día antes, no procede como costas recobrables en el caso, pues, no hubo vista, por ende, lo reclamado no fue de utilidad al caso. Sí, podemos conceder como costas el tiempo de reunión del perito con el abogado para la preparación del juicio. Por esa gestión se conceden cuatro (4) horas, a razón de **$300.00**, equivalentes a $**1,200.00**. De las nueve (9) horas reclamadas, se aprueban cuatro (4).

**Factura 1690**, inciso (3), se reclamó ocho (8) horas a quinientos dólares ($500.00), equivalentes a cuatro mil dólares ($4,000.00) por lo siguiente:

Consulting
12-11-2023. Se factura el día, ya que fue reservado para asistir a Juicio. No se visita en el Tribunal dicho día.
Caso: Carmen Delgado Marrero vs. Dr. Nelson Medina.

Igual a lo anterior, este concepto no procede como costas recobrables en el caso, pues, como dice la descripción, no hubo vista. Por ende, lo reclamado no fue de utilidad al caso ni resulta razonable que se concedan. Esta porción de ocho (8) horas reclamadas, quedan eliminadas como costas.

En resumen, de las cuarenta y seis (46) horas que reclamó GastroVem, luego de eliminar las trece (13) horas, queda un

balance de treinta y tres (33) horas. Estas horas se multiplican por trescientos dólares ($300.00) para un total de nueve mil novecientos dólares **($9,900.00**), como costas de peritaje.

**IV.**

Por los fundamentos antes expresados, se modifica la *Resolución* recurrida para ajustar a nueve mil novecientos dólares **($9,900.00)** la cantidad aprobada como costas de perito. Los demás gastos reclamados como costas permanecen intactos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones